IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| : | Case Number: 1:12-cr-127 |
| v. : | |
| : | Chief Judge Susan J. Dlott |
| CARLOS MATEO, *et al.*, : | |
| : | ORDER |
| Defendants. : | |

The Court held a final pretrial conference in this case on January 30, 2013, at which counsel for the Government and for Defendants Erick Caimona and Jorge Trinidad were present.[1] During the conference, counsel indicated that the Government and Defendants Mateo, Caimona, and Trinidad have been working toward plea agreements and need additional time to complete their negotiations. The parties requested that the Court set a change of plea hearing for sometime in March 2013 and extend the speedy trial deadline as the delay necessitated by the continued negotiations was in the best interests of Defendants.

Under 18 U.S.C. § 3161(h)(7)(A), pursuant to a defendant's motion for a continuance or on its own motion, a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." Two factors, among others, "which a judge shall consider in determining whether to grant such a continuance" are "whether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" and "whether the failure to grant such a continuance . . .

---

[1] Due to counsel's scheduling error, counsel for Defendant Carlos Mateo was not present.

would . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court is not limited to considering the factors listed in that statute. *See* 18 U.S.C. § 3161(h)(7)(B). Directly relevant to this case, the Sixth Circuit has held that time spent plea-bargaining is excludable from the time periods prescribed by the Speedy Trial Act. *See United States v. Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004) ("We have held that plea negotiations may be excluded as 'other proceedings' pursuant to § 3161(h)(1)."), *rev'd in part on other grounds*, 543 U.S. 1099 (2005).

The Court finds under 18 U.S.C. § 3161(h)(7)(A) that the ends of justice would be served by granting a continuance of the speedy trial deadline. In the instant case, Defendants require additional time to negotiate a possible plea agreement with the Government. Defendants' interests in negotiating plea agreements outweigh the best interests of Defendants and the public in a speedy trial. Accordingly, the Court hereby vacates the current trial date and sets a change of plea hearing for March 21, 2013 at 9:30 a.m. for all Defendants in this case. The Court further finds that the period between January 30, 2013 and March 21, 2013 is excludable from the speedy trial calculation.

IT IS SO ORDERED.

   s/Susan J. Dlott          
Chief Judge Susan J. Dlott
United States District Court