IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| : | |
| : | Case Number: 1:12-cr-127-1 |
| v. : | |
| : | Chief Judge Susan J. Dlott |
| CARLOS MATEO, *et al.*, : | |
| : | ORDER |
| Defendants. : | |

This matter is before the Court on Defendant Carlos Mateo's Unopposed Motion to Continue Plea Date. (Doc. 34.) Currently, a change of plea hearing is scheduled for March 21, 2013 for all three Defendants in this case. Defendant Mateo claims that he needs additional time to work out the terms of a potential plea agreement. He therefore requests an additional sixty days to engage in plea negotiations with the Government.

Under 18 U.S.C. § 3161(h)(7)(A), pursuant to a defendant's motion for a continuance or on its own motion, a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by [continuing the trial] outweigh the best interest of the public and the defendant in a speedy trial." Two factors, among others, "which a judge shall consider in determining whether to grant such a continuance" are "whether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation" and "whether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court is not limited to considering the factors listed in that statute. *See* 18 U.S.C. § 3161(h)(7)(B). Directly relevant to this case, the Sixth Circuit has held that time spent plea-bargaining is excludable from the time periods prescribed by the Speedy Trial Act. *See United States v.*

*Dunbar*, 357 F.3d 582, 593 (6th Cir. 2004) ("We have held that plea negotiations may be excluded as 'other proceedings' pursuant to § 3161(h)(1)."), *rev'd in part on other grounds*, 543 U.S. 1099 (2005).

The Court finds under 18 U.S.C. § 3161(h)(7)(A) that the ends of justice would be served by granting a continuance of the speedy trial deadline. In the instant case, Defendant Mateo requires additional time to negotiate a possible plea agreement with the Government. Defendant's interest in negotiating a plea agreement outweighs the best interests of Defendant and the public in a speedy trial. Accordingly, the Court hereby vacates the March 21, 2013 change of plea hearing as to Defendant Mateo only, and sets a new change of plea hearing for May 21, 2013 at 10:00 a.m. The Court further finds that the period between March 21, 2013 and May 21, 2013 is excludable from the speedy trial calculation.

IT IS SO ORDERED.

                                                ___s/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court